LEVI W. PHELPS *vs.* HENRY N. STONE.

Worcester. October 4, 1898. — January 6, 1899.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Contract — Statute of Frauds — Original Promise — Finding.*

A., having built a store for B.'s father, for which he was paid the contract price, furnished extra work and materials under orders given by B., and upon the strength of promises made by him to A. that he would see A. paid for the same. A. gave credit to B. and charged him with the items, and afterwards saw him about the claim, and B. did not object to paying it, but said he had no money to pay it with. *Held,* in an action by A. against B., that these facts warranted a finding that the bill was for B.'s own debt and not for the debt of his father, notwithstanding the further facts that B. was not pecuniarily benefited, that his father's payments were made at the hands of B., and that the father owned the building.

CONTRACT, upon an account annexed, for work and materials. Trial in the Superior Court, without a jury, before *Hopkins, J.,* who found and ordered judgment for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*A. S. Hudson,* for the defendant.

*C. F. Baker & C. F. Worcester,* ( *W. P. Hall* with them,) for the plaintiff.

BARKER, J. The plaintiff built a store for the defendant's father, and, having been paid the contract price, brought this action to collect of the defendant a bill for extra work and materials furnished in consequence of conversations between the plaintiff and the defendant. The case was referred to an auditor,

who reported certain facts, and upon them found for the defendant. It was then tried by the court, the auditor's report being the only evidence, the defendant contending that, as matter of law, the court should find for the defendant upon the facts reported by the auditor. The court, however, found for the plaintiff, and the defendant has filed and entered in this court a bill which, although it is irregular, we consider as a bill of exceptions, raising the question whether the court was justified in its finding.

Among the facts found by the auditor his report states that the extra work was performed and the materials were furnished under orders given by the defendant, and upon the strength of promises made by him to the plaintiff that the defendant would see the plaintiff paid for the work and materials so furnished; that the plaintiff gave credit to the defendant and charged him with the items, and that shortly before bringing the suit the plaintiff saw the defendant about the claim, and the latter did not object to paying it, but said he had no money to pay it with. These facts justified the court in finding that the bill was for the defendant's own debt, and not for the debt of his father, notwithstanding the further facts that the defendant was not pecuniarily benefited, and that the father's payments were made at the hands of the defendant, and that his father owned the building.

*Exceptions overruled.*